## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ETERNITY TECHNOLOGIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CASE NO. 4:25-CV-00119-ALM** |
| | § | |
| **VETERANS SERVING AMERICA, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

Defendant Veterans Serving America, LLC ("VSA") files this Answer, Affirmative Defenses, and Counterclaims in response to Eternity Technologies, Inc.'s Complaint (the "Complaint"), and in support thereof would respectfully show the Court the following:

### PARTIES

1.      VSA lacks information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint and on that basis denies them.

2.      VSA admits the allegations of Paragraph 2 of the Complaint.

3.      VSA admits the allegations of Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.      VSA agrees that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

5.      VSA agrees there is completely diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.      VSA consents to jurisdiction of this Court.

7.      VSA agrees venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

8.      VSA lacks information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint and on that basis denies them. VSA admits that it knows Eternity provides certain industrial batteries.

9.      VSA admits the allegations of Paragraph 9 of the Complaint.

10.      VSA denies the allegations of Paragraph 10 of the Complaint.

11.      VSA denies the allegations in Paragraph 11 of the Complaint.

12.      VSA denies the allegations in Paragraph 12 of the Complaint.

13.      VSA denies the allegations in Paragraph 13 of the Complaint. The payment terms on the invoices between the parties was 90 days.

14.      VSA denies the allegations in Paragraph 14 of the Complaint.

15.      VSA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16.      VSA denies the allegations of Paragraph 16 of the Complaint.

17.      VSA denies the allegations of Paragraph 17 of the Complaint.

18.      VSA denies the allegations of Paragraph 18 of the Complaint. Plaintiff has been solely responsible for the lack of payment due to its material breach of the contract that forced VSA to refuse payment. VSA disputes the amount Eternity claims as unpaid.

## COUNT I – BREACH OF CONTRACT

19.      In response to the allegations in Paragraph 19, VSA repeats its responses to Paragraphs 1 through 18 as if they were set forth in full herein.

20.      VSA denies the allegations of Paragraph 20 of the Complaint.

21.      VSA denies the allegations of Paragraph 21 of the Complaint.

22.     VSA denies the allegations of Paragraph 22 of the Complaint.

23.     VSA denies the allegations of Paragraph 23 of the Complaint. VSA disputes the amount Eternity claims as unpaid.

## COUNT I – UNJUST ENRICHMENT (*Pleaded in the Alternative*)

24.     In response to the allegations in Paragraph 24, VSA repeats its responses to Paragraphs 1 through 23 as if they were set forth in full herein.

25.     VSA denies the allegations of Paragraph 25 of the Complaint.

26.     VSA denies the allegations of Paragraph 26 of the Complaint.

27.     VSA denies the allegations of Paragraph 27 of the Complaint.

28.     VSA denies the allegations of Paragraph 28 of the Complaint. VSA disputes the amount Eternity claims as unpaid.

29.     VSA denies the allegations of Paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

30.     Plaintiff has failed to state a claim upon which relief may be granted.

31.     Plaintiff's claims for relief are barred by the equitable doctrine of unclean hands.

32.     Plaintiff's claims are barred due to Plaintiff's own prior material breach of the contract between the Parties.

33.     Plaintiff's unjust enrichment claim must fail due to the existence of an express contract between the parties.

## COUNTERCLAIMS

34.     Veterans Serving America brings the following counterclaims against Plaintiff:

### Jurisdiction and Venue

35.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a).

36.     There is complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000, exclusive of interest and costs.

37.     VSA consents to the Court's jurisdiction because the company does business in Texas.

**Parties**

38.     VSA is a limited liability company organized under the law of the state of Missouri with a principal place of business in St. Peters, Missouri.

39.     Eternity is a Texas corporation with its principal place of business in Sherman, Texas.

**Background**

40.     VSA is a service-disabled, veteran-owned small business primarily focused on providing direct-current energy solutions to the private sector and the U.S. government. VSA provides items such as batteries and chargers to customers who own large distribution facilities, such as warehouses, to power forklifts.

41.     VSA has sourced batteries from multiple companies since its inception in 2014 and began discussions with a new potential supplier, Eternity, in 2018. Eternity traditionally had been in the automobile battery market and was new to the supply of forklift, direct-current batteries sold by VSA.

42.     The first purchase order from VSA to Eternity issued in 2019. Over the next few years, VSA believes it became Eternity's largest supplier and put the company on the map in a new industry.

43.     Given the cost and performance expectations of forklift batteries, it is standard practice to sell them with robust warranties. Eternity warranted all the batteries sold to VSA for five years, in line with common industry practice.

44.     In 2023, VSA became flooded with customer complaints about batteries supplied by Eternity. Their cells were failing at an alarmingly high rate, which did more than call into question the "Eternity" brand name. It harmed VSA's business and reputation. When a battery failed, VSA supported its customers by providing rental batteries to its customers free of charge while the failed battery was being serviced. As these battery failures persisted, two significant issues manifested themselves. First, Eternity began dragging its feet on warranty claims. Second, as the warranty claim process stretched beyond any measure of reasonableness, VSA racked up massive battery rental fees for failed units.

45.     By 2024, it became clear to VSA that Eternity had abandoned any intent of honoring its warranty obligations for its batteries. Eternity has failed to provide any justification for this refusal.

**Count 1 - Breach of Contract**

46.     VSA restates and realleges Paragraphs 33 through 45 as if fully set forth herein as Paragraph 46 of this Counterclaim.

47.     VSA and Eternity agreed to valid purchase orders for the sale of batteries. VSA performed its obligations under those purchase orders.

48.     The batteries sold by Eternity by VSA were governed by a five-year warranty. On numerous occasions since 2023, Eternity has refused to honor the terms of that warranty, even though VSA has provided ample and detailed information in support of these valid warranty claims.

49.     As a result of Eternity's repeated breach of the warranty, VSA has suffered actual damages in the form of increased costs, rental fees, lost profits, and diminished business goodwill, plus costs, interest, and attorneys' fees seeking to enforce the terms of the agreements with Eternity.

50.     All conditions precedent to VSA's claims have occurred or been performed.

### Count 2 - Breach of Warranty

51.     VSA restates and realleges Paragraphs 33 through 43 as if fully set forth herein as Paragraph 50 of this Counterclaim.

52.     Eternity sold goods to VSA.

53.     In connection with the sale, Eternity made representations to VSA about the quality and characteristics of the goods.

54.     The representations made by Eternity became part of the basis of the bargain between Eternity and VSA.

55.     The goods did not comply with those representations.

56.     VSA notified Eternity that the goods did not comply with Eternity's representations.

57.     VSA suffered injury as a result of the failure of the goods to comply with Eternity's representations.

**Interest**

58.     In addition to the foregoing, VSA seeks recovery of pre-judgment and post-judgment interest as provided for by Texas law.

**Attorney's Fees & Expenses**

59.     As a result of the conduct described herein, VSA has retained the law firm of Porter Hedges LLP to prosecute this action on its behalf and has agreed to pay the firm's reasonable and necessary attorney's fees.

60.     VSA is entitled to recover its reasonable attorney's fees and costs for its breach of contract and breach of warranty claims under Chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER

For these reasons, VSA prays that Eternity be denied the relief that it seeks.

VSA further prays that it have and recover judgment of and from Eternity for the following: (1) actual damages in the amount of at least $2,010,865.50; (2) pre-judgment interest and post-judgment interest on any sums awarded at the legal rate, as permitted by law, until paid; (3) reasonable and necessary attorneys' fees through trial, together with conditional attorneys' fees for appeals; and (4) all costs of suit.

Finally, VSA prays that it be awarded such other and further relief, both general and special, at law and in equity, to which VSA may show itself to be justly entitled or the Court deems appropriate.

Dated: June 6, 2025                          Respectfully submitted,

By: */s/ Sean M. McChristian*
**SEAN M. MCCHRISTIAN**
State Bar No. 24067751
**THOMAS M. GUTTING**
State Bar No. 24067640
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Phone: (713) 226-6623
Facsimile: (713) 226-6223
smchristian@porterhedges.com
tgutting@porterhedges.com

**ATTORNEYS FOR DEFENDANT AND COUNTER-PLAINTIFF VETERANS SERVING AMERICA, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF system on June 6, 2025, and is available for download by all counsel of record.

/s/ *Sean M. McChristian*
Sean M. McChristian